01

02

03

04

05

06

07                         UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
08                                  AT SEATTLE

09  MICHAEL MAIER,                        )    CASE NO. C09-0993-JCC
                                          )
10          Plaintiff,                    )
                                          )
11      v.                                )    REPORT AND RECOMMENDATION
                                          )
12  JOHN LOVICK, et al.,                  )
                                          )
13          Defendants.                   )
    _____)

14

15              <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

16          Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action.   He

17  names Snohomish County Sheriff John Lovick and Snohomish County Jail Sergeant Jon Bates

18  as defendants.   Plaintiff asserts that he was twice pepper sprayed at Snohomish County Jail on

19  July 1, 2009, and alleges he was subsequently denied a shower for two and a half hours, toilet

20  paper for three hours, and the return of his clothes for some six days.   (Dkt. 5 at 3.)

21          Defendants seek dismissal of plaintiff's claims on summary judgment.   (Dkt. 14.)

22  Plaintiff did not respond to the motion for summary judgment.   The Court deems plaintiff's

REPORT AND RECOMMENDATION
PAGE -1

01  failure to oppose the dispositive motion to be an admission that defendants' motion has merit.

02  *See* Local Civil Rule 7(b)(2).   The Court further finds, having considered the motion and

03  supporting documents, as well as the balance of the record in this matter, that defendants'

04  motion for summary judgment should be granted and this case dismissed.

05      Summary judgment is appropriate when "the pleadings, depositions, answers to

06  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

07  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

08  matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

09  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to

10  make a sufficient showing on an essential element of his case with respect to which he has the

11  burden of proof.   *Celotex*, 477 U.S. at 322-23.   The court must draw all reasonable inferences

12  in favor of the non-moving party.   *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747

13  (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

14      Plaintiff here pursues claims pursuant to 42 U.S.C. § 1983.   In order to sustain a § 1983

15  claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution

16  or created by federal statute, and (2) that the violation was proximately caused by a person

17  acting under color of state or federal law.   *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v.*

18  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

19      The Court first addresses plaintiff's identification of Lovick as a defendant.   A plaintiff

20  in a § 1983 action must allege facts showing how individually named defendants caused or

21  personally participated in causing the harm alleged in the complaint.   *Arnold v. IBM*, 637 F.2d

22  1350, 1355 (9th Cir. 1981).   A plaintiff may not hold supervisory personnel liable under §

01 1983 for constitutional deprivations under a theory of supervisory liability.   *Taylor v. List*, 880

02 F.2d 1040, 1045 (9th Cir. 1989).   Rather, a plaintiff must allege that a defendant's own conduct

03 violated the plaintiff's civil rights.

04      In this case, plaintiff fails to allege any facts showing how Lovick violated his civil

05 rights.   In fact, plaintiff does not mention Lovick in stating his claims.   (*See* Dkt. 5 at 3.)

06 Instead, the only mention of Lovick consists of his identification as a defendant in the caption of

07 the complaint.   (*Id*.)   Lovick asserts that he had no personal contact or involvement

08 whatsoever with plaintiff during plaintiff's 2009 incarceration.   (Dkt. 16, ¶ 4.)   Accordingly,

09 plaintiff fails to state a claim against Lovick and his complaint is subject to dismissal on this

10 basis.[1]

11      Nor do plaintiff's claims against Bates withstand scrutiny.   Plaintiff describes events

12 following his booking into Snohomish County Jail on July 1, 2009 as follows:

13      I had an argument with a Sgt. when I could not be cuffed through the tray slot
        because of a prior injury, he sprayed me with pepper spray.   After that he made
14      me strip down and go to a padded cell.   My vision grew blurry and I couldn't
        accurately see the slot to hand my clothes through, so the Sgt. sprayed me again.
15      I sat for 2 ½ to 3 hrs burning before I was allowed to shower.   Finally, I was
        allowed to go to 4 north.   There I tried to get toilet paper for 3 hours.   Finally, I
16      wiped with my sheet and flooded my cell when I flushed.   I was written up and
        charged $50.00 for some made up damage[.]   It is now 7-7-09 6 days later and
17      still my t shirt, black boxers, and socks have not been returned.

18 (Dkt. 5 at 3.)   He asserts that he unsuccessfully attempted to grieve these incidents and was

19 written up several additional times "for no apparent reason other than the fact they don't like

20 _____

21      [1] Defendants also argue that any claims against Snohomish County Corrections should be
     dismissed.   However, while the Court identified Snohomish County Corrections as a defendant in
     serving plaintiff's complaint (*see* Dkt. 6), a review of the complaint reveals that plaintiff did not name
22   this entity as a defendant.   As such, the Court clarifies herein that Snohomish County Corrections is not
     a party to this action.

REPORT AND RECOMMENDATION
PAGE -3

01    me." (*Id.*)   Plaintiff seeks $50,000.00 for pain, suffering, and loss of his clothing.   (*Id.* at 4.)

02            Plaintiff's challenge to the use of pepper spray presents an excessive force claim.

03    Because it appears plaintiff was a pre-trial detainee at the time of this incident, his claim of

04    excessive force is analyzed under the Fourth Amendment's "objective reasonableness"

05    standard; that is, whether the use of force was objectively reasonable in light of the facts and

06    circumstances, without regard to underlying intent or motivation.   *Lolli v. County of Orange*,

07    351 F.3d 410, 415 (9th Cir. 2003) (citing *Graham v. Conner*, 490 U.S. 386, 397 (1989)).   In

08    considering this claim, the Court balances "'the nature and quality of the intrusion on the

09    individual's Fourth Amendment interests against the countervailing governmental interests at

10    stake.'"   *Id.* (quoting *Graham*, 490 U.S. at 396) (internal quotation marks omitted).   Among

11    the factors that must be considered are "whether the [individual] poses an immediate threat to

12    the safety of the officers or others," and "whether he is actively resisting."   *Graham*, 490 at

13    396.   *Accord Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001).

14    The Supreme Court made clear in *Graham*, 490 U.S. at 396, that "[t]he 'reasonableness' of a

15    particular use of force must be judged from the perspective of a reasonable officer on the scene

16    rather than with the 20/20 vision of hindsight."

17            The remaining issues discussed in plaintiff's complaint appear to present a substantive

18    due process challenge to conditions of confinement.[2]   As a pretrial detainee, plaintiff's

19    substantive due process claim is reviewed under "'the more protective fourteenth amendment

20    standard.'"   *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) (quoting *Gary H. v. Hegstrom*,

21    _____

22            2 Plaintiff does not identify responsible defendants in association with some of these issues.
        The Court assumes for the purposes of this Report and Recommendation that plaintiff seeks to hold
        Bates responsible for the entirety of his conditions of confinement claim.

REPORT AND RECOMMENDATION
PAGE -4

01  831 F.2d 1430, 1432 (9th Cir. 1987)). *But cf. Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir.

02  1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to

03  prisoners' rights under the Eighth Amendment, however, we apply the same standards.")

04  "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of

05  guilt in accordance with due process of law."   *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

06        In considering such a claim, the Court looks to "whether there was an express intent to

07  punish, or 'whether an alternative purpose to which [the restriction] may rationally be

08  connected is assignable for it, and whether it appears excessive in relation to the alternative

09  purposes assigned [to it].'" *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting

10  *Bell*, 441 U.S. at 538).   "For a particular governmental action to constitute punishment, (1) that

11  action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the

12  governmental action must be to punish the detainee."   *Id*. at 1029.   Further, "to constitute

13  punishment, the harm or disability caused by the government's action must either significantly

14  exceed, or be independent of, the inherent discomforts of confinement."   *Id*. at 1030.

15        "[M]aintaining institutional security and preserving internal order and discipline are

16  essential goals that may require limitation or retraction of the retained constitutional rights of

17  both convicted prisoners and pretrial detainees."  *Bell*, 441 U.S. at 546.   *Accord Jones*, 393

18  F.3d at 932 ("Legitimate, non-punitive government interests include ensuring a detainee's

19  presence at trial, maintaining jail security, and effective management of a detention facility.")

20  Moreover, corrections administrators "should be accorded wide-ranging deference in the

21  adoption and execution of policies and practices that in their judgment are needed to preserve

22  internal order and discipline and to maintain institutional security."   *Bell*, 441 U.S. at 547.

01          In a declaration accompanying the motion for summary judgment, Bates asserts he was

02   informed plaintiff was being held in a transitional cell because he refused to submit to a strip

03   search after a pen taken from the booking area was found in his possession and became "hostile

04   and violent[,]" kicking and banging on the cell door, and shouting obscenities at jail officers.

05   (Dkt. 15, ¶¶ 7-8.)   Bates unsuccessfully attempted to speak with plaintiff.   (*Id*., ¶ 11.)   He was

06   thereafter informed that plaintiff made a suicidal threat and, in accordance with jail policies,

07   cleared the booking area to prepare for plaintiff's move to a "soft cell." (*Id*., ¶ 12.)   Bates

08   ordered plaintiff to "cuff up" by placing his hands in the "cuff port" in the cell door so that he

09   could be handcuffed prior to transport.   (*Id*., ¶ 13.)   After plaintiff refused to comply and in

10   light of the threat of self harm, Bates informed plaintiff he would employ pepper spray upon

11   plaintiff's continued refusal to comply. (*Id*., ¶ 14.)   Plaintiff continued to ignore the order and

12   put his t-shirt over his face.   (*Id*.)   Bates sprayed a burst of pepper spray and left the scene after

13   plaintiff again indicated he would not comply.   (*Id*., ¶ 15.)   Approximately fifteen minutes

14   later, plaintiff expressed his intent to cooperate and jail staff handcuffed plaintiff and moved

15   him to a different cell.   (*Id*.)

16          Bates further indicates that, because all inmates placed on suicide watch must wear

17   specialized clothing designed to keep them from carrying out threats of self harm, he directed

18   plaintiff to remove his clothes following the cell transfer.   (*Id*., ¶ 16.)   After plaintiff twice

19   refused to abide by this order, Bates again sprayed plaintiff with pepper spray, leading to

20   plaintiff disrobing as directed.   (*Id*.)   Bates asserts that jail staff gave plaintiff multiple towels

21   and cups of water following these incidents.   (*Id*., ¶ 17.)   He maintains that, in both instances,

22   he employed the pepper spray solely due to his concerns for plaintiff's safety and the safety of

REPORT AND RECOMMENDATION
PAGE -6

01    jail employees, and in accordance with jail policies.   (*Id.*, ¶ 18.)

02         Defendants also submit a declaration from Patricia Pendry, Records and Data

03    Management Supervisor for the Corrections Bureau of the Snohomish County Sheriff's Office.

04    (Dkt. 17.)   Pendry notes that plaintiff has been booked into the jail on six occasions since July

05    1, 2007 and was the subject of multiple disciplinary hearings during his stay at the jail following

06    his July 1, 2009 booking.   (*Id.*, ¶¶ 2-3.)   Pendry states that jail records reflect plaintiff

07    threatened to flood his jail cell on July 3, 2009, proceeded to flood his cell and surrounding

08    areas by putting a bath towel in the toilet and flushing, and later admitted his attempt to flood

09    his cell, stating he did not care about the consequences of his actions.   (*Id.*, ¶ 4.)   She also

10    states that jail records reflect that, on July 5, 2009, plaintiff repeatedly pushed the emergency

11    call button in his cell for no apparent reason, verbally abused responding jail employees, and

12    continuously kicked his cell door while yelling, repeated his behavior with respect to the

13    emergency call button on July 7, 2009, and, on that same day, affixed paper to the walls of his

14    cell using toothpaste.   (*Id.*, ¶ 5.)

15         In sum, defendants provide both a detailed description of the events pertinent to

16    plaintiff's claims and reasonable explanations for the actions taken in relation to those events.

17    As noted above, plaintiff did not respond to the motion for summary judgment.   Plaintiff's

18    complaint contains no more than conclusory allegations of excessive force and unconstitutional

19    conditions of confinement.   Conclusory allegations are not evidence and cannot by themselves

20    create a genuine issue of material fact where none would otherwise exist.   *See Project Release*

21    *v. Prevost*, 722 F.2d 960, 969 (2d Cir. 1983).   *Accord Leer v. Murphy*, 844 F.2d 628, 633 (9th

22    Cir. 1988) ("Sweeping conclusory allegations will not suffice to prevent summary judgment.")

REPORT AND RECOMMENDATION
PAGE -7

01 Because plaintiff fails to satisfy his burden of showing a genuine issue of material fact exists,

02 defendants' motion for summary judgment should be granted.

03        Defendants contend that plaintiff's claims are clearly frivolous and ask that,

04 accordingly, the dismissal of this case count as a "strike" against plaintiff pursuant to 28 U.S.C.

05 § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

06 or proceeding under this section if the prisoner has, on 3 or more prior occasions, while

07 incarcerated or detained in any facility, brought an action or appeal in a court of the United

08 States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

09 upon which relief may be granted, unless the prisoner is under imminent danger of serious

10 physical injury.")   However, because it is not entirely clear that plaintiff's claims were brought

11 with frivolous or malicious intent, the Court declines to recommend that this dismissal count as

12 a strike.

13        For the reasons stated above, the Court recommends that defendants' motion for

14 summary judgment (Dkt. 14) be GRANTED and this case DISMISSED with prejudice.[3]  A

15 proposed order accompanies this Report and Recommendation.

16        DATED this 26th day of March, 2010.

17

18                        Mary Alice Theiler

19                        United States Magistrate Judge

20

21

22        3 Finding dismissal appropriate for the reasons stated above, the Court declines to address any
additional arguments raised in defendants' motion for summary judgment.

REPORT AND RECOMMENDATION
PAGE -8